### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

ROSE M. NGUYEN,

        Plaintiff,

vs.                                                                                          No. CIV 04-0163 RHS

JO ANNE B. BARNHART, Commissioner
of Social Security Administration,

        Defendant.

### **MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed August 11, 2004. [Doc. No.10]. Plaintiff contends that the Commissioner should not have denied Plaintiff's request for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Disability Income ("SSDI") benefits.

      Plaintiff, Rose Nguyen, age 48, alleges a disability which commenced on June 1, 2001 due to low back pain, radiculopathy, and depression. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") also denied the application, concluding that Ms. Nguyen could perform a significant number of jobs in the national economy and was therefore not disabled. The Appeals Council denied review of the ALJ's decision, thus the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

      At the time of the Commissioner's final decision, claimant was 47 years old, with a high school education and training as a medical assistant and correctional officer. Her past relevant

work was as an electronics assembler, test operator, compound technician and correctional officer.  Tr. at 77, 264-265.

The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).   At the first four levels of the evaluation, the claimant must show:  (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson at 1487 (citations omitted).        At step two of the sequential evaluation process, the ALJ found that Ms. Nguyen had  severe impairments due to degenerative disc disease and low back pain.  He found that her left foot problems and depression were  non-severe impairments.

Tr. at 16-17. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of any listed impairment. Tr. at 17-18. At step four, the ALJ found that Ms. Nguyen was unable to perform her past relevant work. Tr. at 20. The ALJ denied Plaintiff's case at step five of the sequential evaluation process, relying on the testimony of a vocational expert to find that there were a significant number of other jobs in the national economy that Plaintiff could perform. Tr. at 15.

**First Alleged Error**

Plaintiff alleges that the ALJ erred in finding her mental impairment was non-severe. A severe mental impairment is a non-exertional limitation that must be considered by the Commissioner if there is evidence to support the existence of the impairment. Cruse v. U.S. Dep't of Health &Hum. Serv., 49 F.3d 614, 619 (10th Cir.1995); Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991); Williams v. Bowen, 844 F.2d 748, 752 (10th Cir. 1988). A claimant's mental impairment must also be evaluated in combination with the effects of other impairments. Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991).

Ms. Nguyen's records reflect that she was diagnosed with depression in June of 2002. Tr. at 138. Her treating physician, Dr. James Gibb, referred her to the Mental Health Center. Although the record contains no clinical notes of that visit, Dr. Gibb saw Ms. Nguyen again two weeks later and she told him that medication was prescribed for her insomnia and depression by Mental Health Center personnel but that she refused to take the medications. Dr. Gibbs told Plaintiff on several subsequent occasions that it was his opinion that she would feel better if she took antidepressants. Dr. Thomas Whalen at the Pain Clinic prescribed the antidepressants Effexor Tr. at 213 and Elavil Tr. at 214, 224, however it is unclear whether Plaintiff actually took

those medications.  In June 2003  Ms. Nguyen refused a counseling center referral but began taking Zoloft for her depression. Tr. at 219, 220.

Consulting physician E. Chiang, M.D. completed a   Psychiatric Review Technique Form (SSA-2506-BK) on February 14, 2003.  Dr. Chiang opined that Ms. Nguyen's mental impairment was not severe and found no functional limitations existed as a result of her mental disorder.  Tr. at 182-194.

An evidentiary  hearing was held on June 30, 2003, at which Plaintiff testified that she was often anxious and depressed.  Tr. at 257-258.  Ms Nguyen stated that she had difficulty sleeping because of pain and that her inability to get a full night's sleep aggravated her mood. Tr.at 258. She testified that, although she was afraid to take antidepressants "because I just feel like they'll make me worse,"she had recently started to take an antidepressant and it had not yet made her feel any different. Id.

Plaintiff argues that the ALJ erred in considering her past refusal to take antidepressants and her continued refusal to attend counseling.  Plaintiff contends that because a person with mental impairments may not be able to recognize the need to seek treatment,  her failure to accept treatment for her condition is not a basis for the ALJ to conclude that her symptoms are not as severe as asserted.

The ALJ may properly consider evidence of non-compliance with treatment as a factor in evaluating a claimant's allegation of disability.  See Qualls v. Apfel, 206 F.3d 1368, 1372-1373 (10th Cir. 2000).  In this case, the ALJ did not rely on evidence of noncompliance as the sole basis for denying benefits, but instead discussed her refusal to accept treatment in connection with his analysis of her credibility regarding the severity of her depression.  He also observed that, even without the recommended treatment, Ms. Nguyen reported to her doctors on several occasions

that her symptoms had improved. He noted that Dr. Whalen opined that Plaintiff's depression was basically a result of her financial problems and possible litigation. Tr. at 17. Plaintiff's refusal to take prescribed medication, refusal to attend counseling, and the situational nature of Plaintiff's depression according to Dr. Whalen were appropriate factors for the ALJ to consider in his evaluation of the severity of Plaintiff's mental impairment. The ALJ's analysis of Plaintiff's testimony, her medical records and the treatment received by Plaintiff for her mental symptoms provides substantial support for his finding that Plaintiff's mental impairment is non-severe.

**Second Alleged Error**

Plaintiff contends that the ALJ's RFC finding is erroneous because he failed to properly consider the limitations imposed by Plaintiff's depression and low back pain. Ms. Nguyen also argues that the ALJ erred by mixing his credibility finding with his RFC finding.

RFC is primarily a measure of exertional capacity, Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir. 1988); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987), however, relevant regulations require that pain also be considered in evaluating residual functional capacity. 20 C.F.R. §§404.1545 & 416.945. Symptoms are considered along with "all of the available evidence, including . . . medical history, the medical signs and laboratory findings and statements. . . ." § 404.1529(a). The ALJ then determines the extent to which alleged functional limitations and restrictions due to pain and other symptoms are reasonably consistent with this other evidence in affecting plaintiff's ability to work. Id.

The ALJ's opinion states that Ms. Nguyen "retains a residual functional capacity for a limited range of light work. Specifically, I find that the Claimant needs to alternate sitting with standing every half hour during a regular 8 hour work day and she can perform occasional stooping and bending." Tr. at 20-21.

On January 15, 2002, six months after Plaintiff stopped working, Dr. Whalen opined that Plaintiff was not able to return to her past work but was "able to lift up to ten pounds occasionally or up to five pounds frequently and occasionally walk or stand to carry out job duties." Tr. at 166-167. On February 14, 2003, non-examining consultant physician Dr. Nancy Nickerson completed a physical residual functional capacity assessment and opined that Plaintiff was capable of a full range of light work. Tr. at 197-204.

At the June 30, 2003 hearing, Plaintiff testified that she is able to sit for 15-20 minutes, stand for 10-20 minutes and to walk about one block. Tr. at 254-255. Ms Nguyen stated that she experiences shooting pain from her lower back down her legs to her feet everyday and that her left foot "clicks" and is hard for her to walk on. Tr. at 254-255. She stated that her pain was "always at a seven, but the medication sometimes makes it feel better." Tr. at 253.

Plaintiff argues that the ALJ improperly used his finding that her complaints were not credible to support his RFC finding. She contends that the ALJ reviewed her symptoms and jumped without analysis to the conclusion that "the objective medical record and treatment history does not fully support the Claimant's testimony as to her functional restrictions."

It appears to the Court that the ALJ's decision was based on a careful consideration of the entire record. The x-rays and other objective medical evidence in this case support the RFC finding. There is no doctor's opinion in the record which indicates that Plaintiff is incapable of performing any work. As discussed above, there is substantial evidence supporting the ALJ's finding that Plaintiff's depression and anxiety did not limit her ability to function in the workplace. The Court finds that a proper RFC determination was made upon consideration of all the evidence in the record.

**Third Alleged Error**

Ms. Nguyen claims that the ALJ's credibility finding is contrary to the evidence and the law. Plaintiff argues that her doctor's prescriptions for pain medication and antidepressants are evidence that she is in pain and is depressed. She also contends that her statements to physicians regarding the intensity of her pain and the intermittent nature of any improvement support her credibility.

A claimant's subjective complaint of pain is by itself insufficient to establish disability. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990). Several factors are relevant in determining the credence given to a claimant's statements of disabling pain, including the medications taken and their effectiveness, the extensiveness of the attempts to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence. Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988).

The decision indicates that the ALJ considered "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. at 18. The ALJ reviewed the medical evidence, including a normal physical examination of Plaintiff's back in July of 2003, x-ray and MRI reports, and recommendations by Plaintiff's doctors regarding pain control. Tr. at 19. The ALJ questioned Plaintiff about the nature, duration and location of her pain, about adverse side effects of her medication, and about her functional restrictions and daily activities.

The ALJ found that Ms Nguyen's failure to inform any doctor of her alleged fear of taking antidepressant medication and her lack of an explanation for refusing counseling were evidence that her depression "was not as severe as alleged." Tr. at 18. He noted that "her

treatment [for her back problems] has been conservative and this treatment has resulted in good control of her pain and other symptoms according to treating sources." Tr. at 19. The ALJ observed that, although Plaintiff testified that her pain medication caused drowsiness, "there is no evidence of adverse medication side effects to the extent alleged." Id. The decision in this case contains specific reasons for the ALJ's credibility finding. The ALJ's conclusion that "the objective medical evidence does not fully support the Claimant's testimony as to her functional restrictions" is supported by substantial evidence. Because "credibility determinations are peculiarly the province of the finder of fact and [the Court] will not upset such determinations when supported by substantial evidence," Diaz v. Sec. of Health & Hum. Serv., 898 F.2d 774, 777 (10th Cir. 1990); cited in Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996), the Court must affirm the Commissioner's credibility decision.

**Conclusion**

The ALJ's findings that Ms. Nguyen's mental impairment is non-severe and that she has a residual functional capacity for a limited range of light work are supported by substantial evidence. The ALJ's credibility finding is also supported by substantial evidence.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand [Doc. No.10] is **DENIED** and this cause of action is dismissed with prejudice.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE